```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   CHARLESTON DIVISION
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

                                      **Civil Action No.** 2:11-cv-0859

**JAMES P. WOOLEY, DOROTHY FAYE**
**WOOLEY, AND STROSNIDER DRUG STORE, INC.**
**d/b/a SAV-RITE PHARMACY,**

      **Defendants.**

## COMPLAINT FOR INJUNCTIVE RELIEF

Now comes the United States of America ("United States"), and pursuant to 18 U.S.C. § 1345, seeks to enjoin defendants James P. Wooley, Dorothy Faye Wooley, and Strosnider Drug Store, Inc. d/b/a Sav-Rite Pharmacy from the alienation or disposition of property and assets obtained as a result of Federal health care offenses as defined by 18 U.S.C. § 24, and a restraining order freezing such property and assets and prohibiting any person from withdrawing, transferring, removing, dissipating or disposing of such property and assets or property and assets of equivalent value.  In support of this complaint, the United States incorporates the Affidavit of Special Agent Mary Ann Withrow of the Office of Investigations, Office of Inspector General, United States Department of Health and Human Services, filed contemporaneously herewith. ("Withrow Aff.")

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 18 U.S.C. § 1345, and 28 U.S.C. §§ 1331, 1345.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff is the United States.

4. Defendant James P. Wooley is the owner and operator of Strosnider Drug Inc.  (Withrow Aff. ¶ 4)

5. Defendant Dorothy Faye Wooley ("Faye Wooley") is the wife of James P. Wooley and an officer and co-owner of Strosnider Drug Inc.  (Withrow Aff. ¶ 5)

6. Defendant Strosnider Drug Store, Inc. is a West Virginia Corporation that operated Sav-Rite Pharmacy ("Sav-Rite") at #50 Lincoln Street, Kermit, West Virginia 25474. ("Sav-Rite") (Withrow Aff. ¶ 6)

## RELEVANT STATUTES

7. The fraud injunction statute, 18 U.S.C. § 1345, authorizes injunctive relief to stop anyone committing or about to commit a Federal health care offense, and to prevent the alienation or disposition of property traceable to a Federal health care offense or property of equivalent value.

8. The term Federal health care offense is defined in 18 U.S.C. § 24, and includes criminal violations of 18 U.S.C. §§ 669, 1035, 1347, and 1581; and 18 U.S.C. §§ 287, 371, 664, 666, 1001,

1027, 1341, 1343, or 1954, if the violation or conspiracy relates to a health care benefit program. 18 U.S.C. § 24(a) Health care benefit program means any public or private plan or contract, affecting commerce, under which any medical benefit, item or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. 18 U.S.C. § 24(b).

## BACKGROUND

### Medicaid and Medicare

9. Medicaid is a federal health care benefit program, co-funded by the United States and state governments, established to provide medical assistance and prescription drug coverage for indigent individuals who are aged, blind, disabled or members of families with dependent children. (Withrow Aff. ¶ 7)

10. Medicare is a federal health care benefit program established and fully funded by the United States to provide health insurance and prescription drug coverage to the elderly and others with severe disabilities or specific chronic medical conditions. (Withrow Aff. ¶ 8)

11. Medicaid and Medicare providers and suppliers are paid for covered services and supplies through the submission of claims. Claims for payment include, *inter alia,* information about the member, the nature of the service provided, the charge for the

service provided, the date of service, and information about the provider. (Withrow Aff. ¶ 9)

12. As a condition of payment, the provider or supplier must certify that the information on the claim is true, accurate, and complete; that payment and satisfaction of the claim will be made from federal and state funds; and any false claims, statements, or documents or concealment of a material fact, may be prosecuted under applicable federal or state laws. The provider or supplier making the claim is responsible for all of the information provided on the claim form. (Withrow Aff. ¶ 10)

13. At all times relevant to this Complaint, James P. Wooley and Sav-Rite were authorized to participate in Medicaid and Medicare and submitted claims for prescription drugs to Medicaid and Medicare and received payments from Medicaid and Medicare. (Withrow Aff. ¶ 11)

## Controlled Substances

14. The Comprehensive Drug Abuse Prevention and Control Act of 1970, also known as the Controlled Substances Act, 21 U.S.C. §§ 801-971, and the regulations promulgated thereunder ("the Act") govern persons that manufacture, distribute and dispense controlled substances.

15. The Act defines a controlled substance as drugs or other substances that are included in one of five schedules and

4

classified based upon the potential for abuse, danger and medicinal value of the drug or other substance.

16. The Act requires anyone who manufactures, distributes dispenses or prescribes controlled substances to register with the Attorney General of the United States through the Drug Enforcement Administration ("DEA").

17. DEA assigns each registrant a registration number ("DEA number"), which is used, *inter alia*, to monitor compliance with the Act.

18. Controlled substance prescriptions are orders for medication to be dispensed to an ultimate user and are required to contain specific information.

19. To be valid, a controlled substance prescription must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.

20. Every prescription for controlled substances must be dated as of, and signed on the day issued and bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use and the name, address and DEA number of the prescribing practitioner.

21. Paper prescriptions must be manually signed by the issuing practitioner in the same manner that the practitioner would sign a check or other legal document.

22. Prescriptions transmitted to a pharmacy by facsimile must contain a signed copy of the paper prescription.

23. Controlled substances in Schedules III, IV and V may also be dispensed by a pharmacy pursuant to an oral prescription made by an individual practitioner and promptly reduced to writing by the pharmacist containing all of the information required for a valid prescription except the signature of the practitioner.

24. Where the pharmacist has reason to believe that a controlled substance prescription has been communicated by an agent, the pharmacist, in accordance with his or her responsibility for proper dispensing of controlled substances, may have a duty to inquire into the legitimacy of the prescription.

25. Every prescription for controlled substances must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.

26. An order purporting to be a prescription issued not in the usual course of professional treatment is not a valid prescription.

27. The responsibility for the proper prescribing and dispensing of controlled substances is shared by the prescribing practitioner and the pharmacist who fills the prescription.

28. Any person who knowingly fills an invalid order for controlled substances, as well as the person issuing such order is in violation of the Act.

## THE INVESTIGATION

29. From in or about November of 2005, through in or about March of 2009, James P. Wooley and Sav-Rite dispensed controlled substances to patients of Justice Medical Complex, LLC ("JMC") without valid prescriptions as follows:

   a. James P. Wooley and Sav-Rite dispensed controlled substances based on oral orders that were not issued by an individual practitioner acting in the usual course of his professional practice, and that did not contain all information required for a valid prescription;

   b. James P. Wooley and Sav-Rite dispensed controlled substances based upon orders that were transmitted by facsimile and did not include a signed copy of a paper prescription; and

   c. From May of 2006, to September of 2006, James P. Wooley and Sav-Rite dispensed controlled substances without any prescription knowing that JMC was closed for failure to obtain a Certificate of Need from the West Virginia State Health Care Authority.

(Withrow Aff. ¶ 12)

30. From in or about November of 2005, through in or about March of 2009, James P. Wooley and Sav-Rite submitted claims to Medicaid for controlled substances that were dispensed without a valid prescription and were paid. (Withrow aff. ¶ 13)

31. From in or about November of 2005, through in or about March of 2009, James P. Wooley and Sav-Rite submitted claims to Medicare for controlled substances that were dispensed without a valid prescription and were paid. (Withrow Aff. ¶ 14)

32. Each of the claims submitted by James P. Wooley and Sav-Rite seeking payment from Medicare for controlled substances that were dispensed without a valid prescription constitutes a Federal health care offense, and mail or wire fraud, all of which are predicate offenses under the fraud injunction statute, 18 U.S.C. § 1345. (Withrow Aff. ¶ 15)

### Need for injunctive relief

33. James P. Wooley and Sav-Rite have provided sworn financial statements to the United States. (Withrow Aff. ¶ 16)

34. Based upon these sworn financial statement, Wooley and Sav-Rite have insufficient assets from which they can make restitution to Medicare and Medicaid. (Withrow Aff. ¶ 17)

35. James P. Wooley, through counsel, has informed the United States that on Monday, October 31, 2011, Sav-Rite was sold to a third party. (Withrow Aff. ¶ 18)

36. James P. Wooley, through counsel, has also advised the United States that the proceeds from the sale of Sav-Rite, after other financial obligations are met, is insufficient to make restitution to Medicare and Medicaid for the losses incurred by the above-referenced fraud. (Withrow Aff. ¶ 19)

37. James P. Wooley, through counsel, has also advised the United States that the proceeds from the sale of Sav-Rite have been transferred to an account held in the name of Faye Wooley.

PRAYER FOR RELIEF

WHEREFORE, the United States requests, pursuant to 18 U.S.C. § 1345, and the Court's inherent equitable powers that the Court enjoin defendants James P. Wooley, Dorothy Faye Wooley and Strosnider Drug Store, Inc. from the alienation and disposition of property or assets derived from the commission of federal health care offenses, as well as a restraining order freezing such property and assets and prohibiting any person from withdrawing, transferring, removing, dissipating or disposing of such property or property of equivalent value.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

**s/Carol A. Casto**
First Assistant United States Attorney
WV State Bar Number 890
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: carol.casto@usdoj.gov