```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       CHARLESTON DIVISION
```

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

                                Civil Action No. 2:11-cv-0859

**JAMES P. WOOLEY, DOROTHY FAYE
WOOLEY, AND STROSNIDER DRUG STORE, INC.
d/b/a SAV-RITE PHARMACY,**

      Defendants.

## UNITED STATES' MOTION FOR EXTENSION OF THE TEMPORARY STAY

    Now comes the United States of America (United States) and moves the Court for an extension of the temporary stay granted on December 7, 2011. (ECF # 10). As grounds for this motion, the United States represents that the parties have reached an agreement, a copy of which is attached hereto (Att. A), to resolve the issues raised by the complaint for injunctive relief and other issues between the parties. The Agreement requires Bankruptcy Court approval of a joint motion to compromise the claim of the United States. A copy of the motion to compromise is attached to the Agreement as Ex. 1. (Att. A, Ex. 1).

    In the event that the parties are unable to obtain the Bankruptcy Court approval or the settlement does not proceed as anticipated for any reason, the United States will notify the Court and seek a lift of the requested stay.

Wherefore, based upon the foregoing, the United States respectfully requests an extension of the stay of these proceedings until further order of the Court.

> Respectfully submitted,
>
> R. BOOTH GOODWIN II
> United States Attorney
>
> s/Carol A. Casto
> First Assistant United States Attorney
> WV State Bar Number 890
> Attorney for United States
> P.O. Box 1713
> Charleston, WV 25326
> Phone: 304-345-2200
> Fax: 304-347-5443
> E-mail: carol.casto@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2011, I filed the foregoing with the Clerk of the Court using the CM/ECF system and have notified the following via electronic mail and regular mail:

>Richard M. Blake, Esquire
>Bricker & Eckler LLP
>1001 Lakeside Avenue East
>Suite 1350
>Cleveland, OH 44114-1142
>Rblake@Bricker.com

>Joseph W. Caldwell, Esquire
>3818 MacCorkle Ave., S.E.
>P.O. Box 4427
>Charleston, WV 25364
>Jcaldwell@caldwellandriffee.com

>Eldred E. Adams, Jr., Esquire
>P.O. Box 606, 110 East Main Street
>Louisa, KY 41230
>bud@eeadams.com

s/Carol A. Casto
First Assistant United States Attorney

## **SETTLEMENT AGREEMENT**

### I. PARTIES

This Settlement Agreement (Agreement) is entered into among the United States of America, (United States); James P. Wooley, and Strosnider Drug Store, Inc. d/b/a Sav-Rite Pharmacy and Sav-Rite Pharmacy #2 (hereinafter referred to as the Parties), through their authorized representatives.

### II. PREAMBLE

As a preamble to this Agreement, the Parties agree to the following:

1. James P. Wooley (Jim Wooley) is a duly licensed pharmacist and the President, Vice-president and 50 percent shareholder of Strosnider Drug Store, Inc.

2. Strosnider Drug Store, Inc. is a West Virginia "S" Corporation that operated Sav-Rite Pharmacy and Sav-Rite Pharmacy #2 in or near Kermit, West Virginia (collectively referred to as Sav-Rite). On November 8, 2011, Sav-Rite filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of West Virginia. In re Strosnider Drug Store, Inc., Bankruptcy Case No. 11-20793.

3. The United States contends that Jim Wooley and Sav-Rite presented claims for payment to the Medicare Program (Medicare), Title XVIII of the Social Security Act, 42 U.S.C. §§

Att. A

1395-1395kkk-1, and the Medicaid Program (Medicaid), Title XIX of the Social Security Act, 42 U.S.C. §§ 1396-1396v.

    4. The United States contends that it has certain civil and administrative claims against Jim Wooley and Sav-Rite for engaging in the following conduct:

> From about December of 2005, through March of 2009, Jim Wooley and Sav-Rite did at times, dispense controlled substances to patients of Justice Medical Complex, LLC, without valid prescriptions and presented claims and received payments from Medicare and Medicaid for the controlled substances.

(hereinafter referred to as the "Covered Conduct.")

    5. This Agreement is neither an admission of liability by Jim Wooley and Sav-Rite nor a concession by the United States that its claims are not well founded.

    6. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, the Parties reach a full and final settlement pursuant to the Terms and Conditions below.

### III. TERMS AND CONDITIONS

    1. Jim Wooley and Sav-Rite agree to pay to the United States the sum of $500,000 (Settlement Amount) as follows:

    a. Upon the Effective Date of this Agreement, the Parties will present a joint motion to the Bankruptcy Court seeking to compromise the claim of the United States. (A copy of the motion to compromise is attached as Ex. A).

b. Subject to the approval of the Bankruptcy Court, Jim Wooley and Sav-Rite will pay the United States $400,000 from the bankruptcy estate within 10 days of the date of entry of the order granting the motion to compromise, and the remaining $100,000 by no later than February 28, 2012.

c. In the event that the Bankruptcy Court does not grant the motion to compromise, this Agreement is null and void.

2. Subject to the exceptions in Paragraph 3 below, in consideration of the obligations of Jim Wooley and Sav-Rite set forth in this Agreement, and conditioned upon their payment in full of the Settlement Amount, the United States agrees to release Jim Wooley and Sav-Rite, together with Sav-Rite's owners and officers, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. § 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; and the common law theories of payment by mistake, unjust enrichment, and fraud.

3. Notwithstanding the release given in paragraph 2 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and not released:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

      b.    Any criminal liability;

      c.    Except as explicitly stated in this Agreement, any administrative liability, including exclusion from Federal health care programs;

      d.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

      e.    Any liability based upon such obligations created by this Agreement;

      f.    Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

      g.    Any liability for failure to deliver goods or services due;

      h.    Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct;

      i.    Any liability of individuals, except for Jim Wooley and Sav-Rite's owners and officers; and

      j.    Any licensing matters.

    4.    Jim Wooley and Sav-Rite waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or

-4-

under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this Paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

5. Jim Wooley and Sav-Rite fully and finally release the United States, and their respective agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Jim Wooley and Sav-Rite have asserted, could have asserted, or may assert in the future against the United States and its agencies, employees, servants, and agents, related to the Covered Conduct and the United States' investigation and prosecution thereof.

6. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare carrier or intermediary or any state payer, related to the Covered Conduct; and Jim Wooley and Sav-Rite agree not to resubmit to any Medicare carrier or intermediary or any state payer any previously denied claims related to the Covered Conduct, and agree not to appeal any such denials of claims.

7. To the extent that jim Wooley agrees to cooperate with the United States' investigation of individuals and entities not release by this Agreement, he agrees to cooperate truthfully. Jim Wooley will not impair the cooperation of current or former owners or employees. Jim Wooley also agrees to preserve complete copies of all documents, reports, memoranda of interviews, and records in his possession, custody or control concerning the Covered Conduct.

8. This Agreement is intended to be for the benefit of the United States, Jim Wooley, Sav-Rite and Sav-Rite's owners and officers only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 9 below.

9. Jim Wooley and Sav-Rite agree that they waive and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or recipients or their parents, sponsors, legally responsible individuals or third party payors based upon the claims defined as Covered Conduct.

10. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

11. Each Party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

12. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Southern District of West Virginia. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

13. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

14. This Agreement is binding on Jim Wooley's and Sav-Rite's successors, transferees, heirs, and assigns.

15. All Parties consent to the disclosure of this Agreement and information about this Agreement to the public;

16. This Agreement is effective on the date of the signature of the last signatory to the Agreement (Effective Date). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

17. The individuals signing this Agreement on behalf of Jim Wooley and Sav-Rite represent and warrant that they are

-7-

authorized to execute this Agreement. The United States' signatory represents that she is signing this Agreement in her official capacity and is authorized to execute this Agreement.

18. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

**JAMES P. WOOLEY**

DATED:_____  BY: _____
JAMES P. WOOLEY, Individually

DATED:_____  BY: *Richard H Blake*
RICHARD H. BLAKE, Counsel for
James P. Wooley

**STROSNIDER DRUG STORE, INC. d/b/a SAV-RITE PHARMACY**

DATED:_____  BY: _____
JAMES P. WOOLEY, President
Strosnider Drug Store, Inc.

DATED:_____  By: _____
JOSEPH W. CALDWELL, Counsel for
Strosnider Drug Store, Inc.

**THE UNITED STATES OF AMERICA**

DATED:_____  BY: *Carol Casto*
CAROL A. CASTO
First Assistant United States Attorney

authorized to execute this Agreement. The United States' signatory represents that she is signing this Agreement in her official capacity and is authorized to execute this Agreement.

18. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

JAMES P. WOOLEY

DATED: 12/22/11    BY: _____
                        JAMES P. WOOLEY, Individually

DATED: _____    BY: _____
                              RICHARD H. BLAKE, Counsel for
                              James P. Wooley

STROSNIDER DRUG STORE, INC. d/b/a SAV-RITE PHARMACY

DATED: 12/22/11    BY: _____
                        JAMES P. WOOLEY, President
                        Strosnider Drug Store, Inc.

DATED: _____    By: _____
                              JOSEPH W. CALDWELL, Counsel for
                              Strosnider Drug Store, Inc.

THE UNITED STATES OF AMERICA

DATED: _____    BY: _____
                              CAROL A. CASTO
                              First Assistant United States Attorney

-8-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

STROSNIDER DRUG STORE, INC.,                Case No. 11-20793

    Debtor in Possession.                   Chapter 11

### JOINT MOTION TO COMPROMISE AND EXPEDITE PAYMENT OF CLAIM OF THE UNITED STATES OF AMERICA

The Debtor and the United States of America (United States) (hereafter collectively referred to as the Parties) request the Court to approve a compromise of the United States' claim and to allow for expedited payment of the claim. In support of their Motion, the Parties represent as follows:

1. On October 31, 2011, the Debtor purportedly sold all its assets, except its cash collateral, to Southfork General Management LLC for $1,350,000.00. A copy of the Purchase and Sale Agreement is attached to this Motion as Exhibit 1.

2. At the time of the sale, the Debtor and others associated with the Debtor, were the subjects of a federal investigation. The investigation was based, in part, on the Debtor's alleged unlawful dispensing practices and its presentment of false and fraudulent claims to Medicare and Medicaid.

3. On November 4, 2011, the United States filed a complaint against the Debtor, and others associated with the Debtor, pursuant to 18 U.S.C. § 1345 (Injunctions against fraud), for

Ex. 1

a preliminary and permanent injunction to prevent the alienation or disposition of assets allegedly obtained as the result of a Federal health care offense. <u>United States of America v. James P. Wooley, Dorothy Faye Wooley, and Strosnider Drug Store, Inc. d/b/a Sav-Rite Pharmacy</u>, Civil Action No. 2:11-cv-0859 (fraud injunction action). The fraud injunction action is pending before the Honorable John T. Copenhaver. No hearing has yet been scheduled for the requested preliminary injunction.

4. On November 8, 2011, the Debtor filed its Chapter 11 petition.

5. Believing that the sale of Debtor's assets jeopardized the ability of the United States and other creditors to obtain payment, the United States, with the Debtor's consent, requested the Court to order Debtor's counsel to hold in his trust account all the Debtor's cash and cash equivalents pending further order of the Court. (ECF No. 5) The Court granted the Motion by an order entered November 15, 2011. (ECF No. 9). As of the date of the instant motion, Debtor's counsel is holding approximately $510,000.

6. On December 1, 2011, the United States moved for a temporary stay of the fraud injunction action to allow the parties to finalize the terms of a tentative settlement, and seek approval from this Court for the proposed compromise and accelerated payment. (fraud injunction action, ECF No. 9)

7. In the absence of an acceptable settlement, the United States is prepared to file a civil complaint against the Debtor, and others associated with the Debtor, under the federal False Claims Act, 31 U.S.C. §§ 3729-3733 (FCA) and seek other statutory and common law remedies, alleging *inter alia* that the Debtor, and others associated with the Debtor, presented or caused the presentment of at least 28,504 false and fraudulent claims to Medicare and Medicaid, and received payments of at least $533,995.73 from Medicare and Medicaid to which they were not entitled. In such an action, the Debtor would face potential liability for:
   a. three times the actual damages suffered by Medicare and Medicaid;
   b. civil penalties of not less than $5,500.00 and not more than $11,000.00 for each of the false claims presented or caused to be presented to Medicare and Medicaid by the Debtor; and
   c. Such other relief at law and at equity as deemed just and reasonable by the district court.
8. On December 5, 2011, the United States filed Proof of Claim No. 4 based on the Debtor's potential liabilities under the False Claims Act. The Debtor's potential financial exposure under the False Claims Act ranges from $158,373,987.19 to $315,145,987.19.

9. The Debtor, and others associated with the Debtor, and the United States have reached a full and final settlement of the potential civil claims of the United States as set forth in the Settlement Agreement attached hereto as Exhibit 2.

10. As set forth in the Settlement Agreement, and subject to the approval of this Court, the Debtor will pay the United States $400,000 from the bankruptcy estate within 10 days of the entry of an order granting the motion to compromise, and the remaining $100,000 by no later than February 28, 2012.

10. Subject to the exceptions set forth in the Settlement Agreement, and in consideration of the obligations of the Debtor and others associated with the Debtor, and conditioned upon their payment in full of the Settlement Amount ($500,000), the United States will release the Debtor, and others associated with the Debtor, as set forth in paragraph III.2 of the Settlement Agreement.

11. In addition, Proof of Claim No. 4 shall be deemed to be fully satisfied.

12. The Debtor and the United States believe that the compromise is in the best interest of all parties in interest because it saves the Debtor costs of further litigation, speeds the administration of the case, and significantly reduces a claim that might potentially overwhelm on a *pro rata* basis all other unsecured general claims.

| | |
|---|---|
| STROSNIDER DRUG STORE, INC., Debtor in Possession | UNITED STATES OF AMERICA and the United STATES DEPARTMENT HEALTH AND HUMAN SERVICES, |
| By counsel, | By counsel, |
| | R. BOOTH GOODWIN II United States Attorney |
| _____ Counsel for the Debtors | /s/ GARY L. CALL Assistant United States Attorney WV State Bar No. 589 P.O. Box 1713 Charleston, West Virginia 25326 Tel: 304-345-2200 Fax: 304-347-5440 |
| Dated: | E-mail: gary.call@usdoj.gov |